**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| STEPHEN YANG, LLC, | § | |
| Plaintiff, | § | Case No: |
| v. | § | |
| LEXIPOL LLC, | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## COMPLAINT

Plaintiff Stephen Yang, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Lexipol LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Stephen Yang ("Yang"), Plaintiff's sole member, created a photograph of a close-up view of a fire department patch for the City of New York (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at domain www.firerescue1.com (the "*Website*").

4. Defendant owns and operates a social media account on www.facebook.com known as "@firerescue1" (the "*Account*").

5. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff is a New Jersey limited liability company and maintains its principal place

of business in Somerset County, New Jersey. Yang, a professional photographer, is Plaintiff's sole member.

7. Defendant is a Delaware limited liability company with a principal place of business at 2611 Internet Boulevard, Suite 100, Frisco in Denton County, Texas.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

11. Yang is a professional photojournalist and native New Yorker whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets, including the New York Post, The New York Times, The Wall Street Journal, Reuters, Getty Images, and Bloomberg News. For many years, Yang has covered crime, civil uprisings, immigration, politics, and climate change, both in New York and internationally, and his work is syndicated by Redux Pictures.

12. Yang's work has been recognized by the New York Press Photographers Association in its breaking news and news picture essay categories, including a second-place award for spot news in the Association's 2019 competition.

13. Yang has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs, the copyrights in which are



SLG SANDERS · LAW GROUP ·

now owned by Plaintiff.

14. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

15. Plaintiff is, by assignment from their author, Yang, the copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

16. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted photographs.

17. Plaintiff derives income from the licensing and authorized use of its copyrighted works and maintains exclusive rights in the works Yang creates pursuant to the Copyright Act.

18. Plaintiff relies upon licensing revenue derived from the authorized use of its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

19. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

20. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

21. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

22. On April 10, 2016, Yang first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

23. Yang published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.



SIG SANDERS · LAW GROUP ·

24. In creating the Photograph, Yang personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

25. On June 30, 2016, the Photograph was registered by the USCO under Registration No. VA 2-010-395.

26. The Photograph was registered within three months of its first publication and more than seven years before Defendant's infringement commenced. Plaintiff is therefore entitled to elect statutory damages and to seek an award of attorney's fees pursuant to 17 U.S.C. §§ 412, 504(c) and 505.

27. Yang created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

28. By written Copyright Assignment dated May 22, 2026, Yang assigned to Plaintiff all of his right, title and interest in and to the copyrights in his photographic works, including the Photograph, together with all causes of action accrued or accruing thereunder, including the claims asserted in this action. Plaintiff is therefore the owner of the copyright in the Photograph and of the claims for its infringement.

**B. Defendant's Infringing Activity**

29. Defendant is the registered owner of the Website and the Account and is responsible for their content.

30. Defendant is the operator of the Website and the Account and is responsible for their content.

31. The Website and the Account are a part of and used to advance Defendant's commercial enterprise.

32. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

33. Defendant sells subscription-based policy, training, wellness, and grant-assistance products to police, fire, emergency medical services, and local government agencies. Through its

Lexipol Media Group, Defendant also owns and operates the online publications FireRescue1, Police1, EMS1, Corrections1, and Gov1.

34. Defendant monetizes the Website and the Account by selling advertising and sponsorships to companies that market products and services to the fire service, including display and video advertising, sponsored and custom content, newsletter and email marketing, product bulletins, and paid social-media campaigns directed to Defendant's social-media followers.

35. Defendant markets the Website and the Account to advertisers on the strength of their audience, representing in its 2026 FireRescue1 media planner that the Website averages more than 243,000 unique visitors and 423,000 page views each month, that FireRescue1 has more than 166,000 newsletter subscribers, and that the Account has more than 550,000 followers.

36. Defendant tags its editorial content by subject so that advertising can be positioned around specific articles. News articles such as the one in which Defendant used the Photograph are therefore the very inventory against which Defendant sells advertising, and every view of such an article generates commercial value for Defendant.

37. Upon information and belief, the Website and the Account also direct their audience of fire-service professionals to Defendant's paid products, including its FireRescue1 Academy online training, so that content published on the Website and the Account serves as a marketing channel for Defendant's subscription business.

38. Upon information and belief, the Website and the Account form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

39. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Website and the Account in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

40. Upon information and belief, Defendant is a sophisticated media company



SLG SANDERS LAW GROUP

operating in an industry in which the use of professional photography and copyrighted content is prevalent.

41. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

42. Defendant's business is built on the ownership and licensing of copyrighted content. Defendant claims copyright in the policy manuals and training materials it licenses to public-safety agencies, displays the notice "Copyright © 2026 Lexipol. All rights reserved." on every page of the Website, and maintains a "Copyright Info" page on the Website. Defendant therefore knows that photographs used in its publications must be licensed.

43. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

44. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

45. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

46. On or about December 4, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line story at URL https://www.firerescue1.com/budget/union-fdny-reduces-number-of-ffs-on-20-trucks-due-to-budget-cuts ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

47. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://lexipol.brightspotcdn.com/dims4/default/02673f3/2147483647/strip/true/



SLG SANDERS LAW GROUP

crop/533x300+34+0/resize/1000x563!/format/webp/quality/90/?url=https%3A%2F%2Fk1-prod-lexipol.s3.us-east-2.amazonaws.com%2Fbrightspot%2Fbc%2Fc7%2F9f7292dc7f6f74f4eccd536ed39a%2Ffdny-fc.jpg.

48. Upon information and belief, Defendant also reproduced and stored a copy of the Photograph on its own servers at URL: https://k1-prod-lexipol.s3.us-east-2.amazonaws.com/brightspot/bc/c7/9f7292dc7f6f74f4eccd536ed39a/fdny-fc.jpg (the "*Server Copy*"), from which Defendant generated the version of the Photograph displayed in the Infringement.

49. On or about December 4, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of a social media post at URL https://www.facebook.com/firerescue1/posts/753244626835704 ("*Infringement 2*"). A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2. Infringement 1 and Infringement 2 are referred to collectively herein as the "Infringement."

50. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

51. Defendant's use of the Photograph was not transformative. Defendant used the Photograph for the very purpose for which it was created and licensed, to illustrate news coverage concerning the FDNY, and neither Defendant's article nor its post comments upon, criticizes, or reports on the Photograph itself.

52. Plaintiff first observed the Infringement on December 25, 2023.

53. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

54. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

55. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website and the Account, including Plaintiff's Photograph.

56. Defendant exercised control over the content published on its Website and Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

57. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website and the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf, including but not limited to Sarah Roebuck, whom Defendant publicly identifies as a Senior News Editor through its Website, LinkedIn profile, and/or other publicly available sources (collectively, the "*Representatives*").

58. Infringement 1 appeared in an article published on the Website under the byline of Ms. Roebuck, which identifies her as writing for FireRescue1.

59. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website and the Account on Defendant's behalf.

60. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

61. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website and the Account, including the content containing Plaintiff's Photograph.

62. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the



SLG SANDERS · LAW GROUP ·

Website and the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

63. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and the Account and exercised such control through its Representatives acting within the course and scope of their authority.

64. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

65. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

66. Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead was affirmatively selected and published by Defendant and/or its Representatives.

67. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

68. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

69. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website and the Account.

70. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and Account and exercised and/or had the right and ability to exercise such right.

71. Upon information and belief, Defendant monitors the content on its Website and Account.

72. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

73. Upon information and belief, the Infringement increased engagement with the Website and the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

74. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and the Account and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

75. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

76. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

77. Defendant's use of the Photograph harmed the actual market for the Photograph.

78. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

79. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license its work to other commercial entities.

80. On or about January 22, 2024, Yang, through counsel, notified Defendant in writing of the infringing activity described herein and sought to resolve the matter without litigation.

81. Thereafter, on or about August 11, 2025, and again on or about November 3, 2026, counsel sent follow-up communications seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

82. Despite receiving notice of Plaintiff's claims and being afforded multiple

opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff’s claims, thereby necessitating the commencement of this action.

83. Upon information and belief, after receiving notice of the infringement, Defendant removed the Photograph from the article page on the Website but did not remove Infringement 2 from the Account or the Server Copy from its servers.

84. As of November 5, 2026, the Photograph remains publicly displayed on the Account in Infringement 2 and publicly accessible at the URL of the Server Copy. Screengrabs captured on November 5, 2026 are attached hereto as Exhibit 3. Such post-notice conduct evidences Defendant’s knowledge of Plaintiff’s rights and supports a finding that Defendant’s infringement was knowing, intentional, and willful.

85. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

86. As a result of Defendant’s misconduct, Plaintiff has been substantially harmed.

SLG SANDERS · LAW GROUP ·

**FIRST CAUSE OF ACTION**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

87. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

88. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

89. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

90. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

91. Without permission or authorization from Plaintiff and in willful violation of Plaintiff’s rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating

one of Plaintiff's exclusive rights in its copyrights.

92. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

93. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

94. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

95. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

96. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

SLG SANDERS · LAW GROUP ·

## SECOND CAUSE OF ACTION
***(Vicarious Copyright Infringement)***

97. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

98. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Website and the Account.

99. As a direct and proximate result of such conduct, Defendant profited from and

materially benefited from the Infringement.

100. Defendant enjoyed a direct financial benefit from the Infringement from, *inter alia*, advertising revenue from the increased traffic to its Website and Account and from increase in fees paid by advertisers and sponsors.

101. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website and the Account, thereby increasing advertising revenue.

102. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

103. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

104. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

105. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

106. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

107. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding



SLG SANDERS · LAW GROUP ·

that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq*. and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 9, 2026

**SANDERS LAW GROUP**

By: *<u>/s/ Craig Sanders</u>*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129407

*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP